# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2930
LT Case No. 2021-CF-025108

_____

KENNETH WAYNE BOWERS,

   Petitioner,

   v.

STATE OF FLORIDA,

   Respondent.

_____


Petition for Writ of Prohibition.
Aaron Peacock, Respondent Judge.


Robert Blaise Trettis, Public Defender, and Timothy Seiler, Assistant Public Defender, Melbourne, for Petitioner.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Respondent.

January 12, 2024


EISNAUGLE, J.

   Kenneth Wayne Bowers ("Bowers") petitions this court for a writ of prohibition arguing that his prosecution for burglary of a dwelling is barred by the statute of limitations, and that all three of the charges against him are barred because the State violated

his constitutional right to a speedy trial. Bowers raised these arguments in a motion to dismiss below, and the trial court denied the motion after an evidentiary hearing.

We deny the writ based on the constitutional speedy trial claim without further discussion, but we grant the petition as to the burglary of a dwelling charge because that count is barred by the statute of limitations. § 775.15(2)(b), Fla. Stat. (2022); *cf. Collazo v. State*, 42 So. 3d 339, 340 (Fla. 5th DCA 2010) (granting writ of prohibition based upon the expiration of the statute of limitations on a second-degree felony charge).

In this case, the State argues that, while the statute of limitations on the burglary of a dwelling charge would have otherwise expired, prosecution is not barred based on section 775.15(16)(a)5., Florida Statutes (2022), because Bowers was identified with DNA. Section 775.15(16)(a)5. provides:

> [A] prosecution for [a burglary offense under s. 810.02] may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, *if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused*[.]

(emphasis added).

While there is no dispute that Bowers was identified "through the analysis of deoxyribonucleic acid (DNA) evidence," the State failed to present any competent substantial evidence at the evidentiary hearing that a sufficient portion of the DNA "is preserved and available for testing by the accused."

At the hearing, the State primarily relied on the testimony of a detective and a lab report to establish that "a sufficient portion of the evidence" is available for testing. But the detective only testified that he had not authorized destruction of the DNA evidence and that the evidence was available "as far as [he]

2

kn[ew]." This testimony, standing alone, falls short of establishing that a sufficient portion of the DNA evidence is actually available for testing by the accused.

The State further argues the lab report itself establishes that the DNA evidence is available, but the report, which is dated more than two years before the evidentiary hearing took place, merely states that "submitted evidence and DNA extracts are available for retrieval or return at the earliest opportunity." We agree with Bowers that this language does not establish that a sufficient portion of the DNA evidence remains available for testing, especially given that the report was published more than two years before the hearing.

In sum, the State failed to present any competent substantial evidence that a sufficient portion of the DNA evidence is available for testing. We therefore grant the petition as to the burglary of a dwelling charge. The petition is otherwise denied.

WRIT OF PROHIBITION GRANTED in part, and DENIED in part.

JAY and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____